## FLOURNOY MENEFEE, Respondent, v. S. H. BEVERFORDEN et al., Appellants.

### Kansas City Court of Appeals, June 2, 1902.

1. **Evidence**: JUDGMENT: RES ADJUDICATA. Where parties to a pending litigation were parties to a former litigation that involved the matters in issue in the pending litigation, they are concluded by the judgment in the former litigation as to such matters and such judgment may be properly admitted in evidence in the pending litigation.

2. ———: ———: PETITION: ANSWER. Where a petition misdescribes a judgment, but the answer admits its existence and properly describes it, the misdescription of the petition is not a valid objection to its introduction in evidence.

3. **Mechanic's Lien**: STATUTORY CONSTRUCTION. A mechanic's lien may not only be enforced against the building, but also the premises.

4. **Appellate Practice**: MOTION FOR NEW TRIAL: REVIEW. An appellate court can not review matter not called to the attention of the trial court in the motion for new trial.

5. **Referee**: REPORT OF. A referee's report is examined and found to disclose thoroughness and impartiality.

Appeal from Jackson Circuit Court.—*Hon. L. H. Waters*, Special Judge.

AFFIRMED.

*Milton Campbell* for appellant.

(1) A mechanic's lien on three houses, based on a general contract for the erection of all three, etc. 1 Greenleaf on Evidence, p. 51, p. 70; R. S. 1899, sec. 4160, subdiv. 1. (2) A judgment rendered in favor

of English, Morse & Co., on March 29, 1892, against W. H. Fleming, which declared part of said judgment a lien on specifically bounded real estate, was admitted to prove an alleged judgment rendered March 29, 1891, for materials, and "declared a lien on said building," to-wit, the college building.  Freeman on Judgment, p. 456; Lawrence v. Willoughby, 1 Minn. 87; Howard v. Cousins, 7 How. (Miss.) 114; Gulick v. Loder, 2 Green (N. J.) 572.

*Haff & Michaels* and *Claude Hardwicke* for respondent.

. (1)    All findings of fact made by the referee were authorized by the evidence, and the weight of the evidence; but even if the referee had erroneously found facts not authorized by the evidence, this court could not consider such error, for the reason that all of the evidence upon which the findings were based, is not before this court, and for the further reason that there was nothing in appellants' motion for a new trial to advise the trial court that any finding was not authorized by the evidence, or was against the weight of the evidence.    Singer Mfg. Co. v. Givens, 35 Mo. App. 602; Wentzville Tob. Co. v. Walker, 123 Mo. 662; Blakely v. Railroad, 79 Mo. 388; Ray v. Thompson, 26 Mo. App. 431; Johnson v. Wingfield, 35 Mo. App. 437.    (2) It was necessary to file a motion for a new trial, and therein call the trial court's attention to any error committed, even though exceptions were properly taken.    The findings of the referee are the same as a special verdict.    Maloney v. Railroad, 122 Mo. 115; Leavell v. Porter, 52 Mo. App. 646.    (3) The record in the English-Morse case was properly admitted in evidence.  An immaterial variance between said record as it appeared in evidence and as it was described in the petition, would not be, under our statutes, reversible error.    R. S. 1899, secs. 672, 673, 655 and 656.    (4)

The record in the English-Morse case shows that there was a final judgment recovered, which was a lien on plaintiff's property, and which plaintiff was compelled to pay. If there was a defense to that suit; it should have been advanced by Beverforden while that suit was pending. R. S. 1899, sec. 4223; McFall v. Dempsey, 43 Mo. App. 369; Leavell v. Porter, 52 Mo. App. 632; Seaman v. Paddock, 51 Mo. App. 468; Oberbeck v. Mayer, 59 Mo. App. 289.

BROADDUS, J.—On March 29, 1890, defendant Beverforden, entered into a written contract with plaintiff Menefee to furnish all the material, with certain exceptions, and to construct a certain building to be known as the Liberty Female College situate in the city of Liberty, Clay county, Missouri; that the plaintiff, in order to secure a compliance with the said contract, required defendant Beverforden to give bond with security; the defendant entered into the bond in suit with the other defendants herein, by which they bound themselves in the sum of $28,456 for a faithful performance of said contract, and, also, among other things, that defendant Beverforden would refund to plaintiff all moneys that plaintiff might be compelled to pay in discharging any lien on the premises on which said building was to be erected, made obligatory in consequence of said Beverforden's default, in case any such claim should arise after full payment by plaintiff to him under said contract.

The petition alleges that defendant Beverforden failed to comply with said contract, in that he did not pay for all the material that was necessarily used in the construction of said building, viz.: that English, Morse & Company furnished to one of his subcontractors, work and material which was declared a lien on said building by a judgment rendered March 29, 1891, for the sum of $855.59, which the plaintiff was compelled to

and did pay. It is for this lien against plaintiff's building which the plaintiff seeks to recover.

The defense to this claim of plaintiff is: first, a denial that there is any such judgment as alleged in plaintiff's petition, but a claim that a judgment was rendered against one Wm. H. Fleming for said sum, and that it was for work and material furnished, not only on the building in controversy, but for three other separate buildings known, respectively, as, the power house, servants house, and out house—all of which were constructed under separate contracts entered into between plaintiff and defendant Beverforden, and that the material for these were all mingled in the one lien in said judgment, which was not against any particular building, but upon the lot or premises upon which they were all erected. In said suit the plaintiff, defendant Beverforden, and Fleming, the subcontractor, were all made parties.

The defendant also interposed a counterclaim. The whole matter was submitted to a referee, who, after hearing a great amount of testimony covering the entire business, including all the buildings, submitted a statement of the account between the parties, and found that the plaintiff was entitled to a judgment against the defendants for the sum of $301.78, which sum the referee finds represents the amount of work and material that went into the building erected under the contract in suit, and which the plaintiff was compelled to pay.

The defendants on the trial before the referee objected to the introduction of said judgment lien for the following reasons, to-wit: first, because it established a lien not only for material for the building in controversy, but also for material for other buildings not erected under the contract in suit; second, because the judgment described in the petition was rendered on the twenty-ninth day of March, 1891, while the one offered in evidence was rendered on the twenty-ninth day of March, 1892; third, that the lien established by the

judgment is not against the building, but upon the premises upon which it was erected. These objections were overruled and the judgment received in evidence.

The defendant, Beverforden, who was a party to said judgment, is concluded by the same to the extent of its legal effect. He was a proper party under section 6713, Revised Statutes 1889, and if a lien was established by said judgment against plaintiff's property, which he was obligated under his contract for the erection of said building to pay, then such matter as to him, as well as to the plaintiff, was *res adjudicata*, and we can see no good reason why it was not competent to admit such judgment, and then proceed, as was done, to ascertain what was chargeable under the contract for the erection of the building in controversy.

The defendants' second objection was waived by the defendants in their answer, which, in effect, admits said judgment and describes it by its true date. There is nothing in said third objection. Section 6705, Revised Statutes 1889, provides that the lien may not only be enforced against the building, but also against the premises upon which it is erected.

The defendants have many exceptions to the report of the referee, which were not called to the attention of the court in their motion for a new trial, and which, consequently, can not be considered by this court. In their motion for a new trial the defendant's principal contention seems to be relative to the matters already discussed. Aside from complaint against findings on matters of fact, which we can not disturb because such findings appear to have been sustained by ample testimony, the defendants complain of the action of the referee, which was called to the attention of the court, in admitting the record in the case of Zahner v. Beverforden, because it was not properly described in the petition. This record is not alluded to in the petition, and objection to it for that reason, therefore, falls to the ground.

The defendants' motion for new trial contains many things asserted as facts, which appear upon investigation to be conclusions.   It is well to remark that there is nothing in the record to indicate upon what theory the judge who passed upon the motion to set aside the finding of the referee, acted, as he was not called upon to state his finding in writing.

The defendants' statement of their case and their argument, are so mixed up with theories and conclusions, and sarcastic criticisms upon the referee and the judge, it is almost impossible to tell what points defendants intend to make in this court, and what their contention was in the trial court, but with much pains and some misgivings as to the result, we have endeavored to separate the grain from the chaff, and to pass upon those matters which seem to be important and controlling in the record.   There was a former report made by the referee, which was set aside and the cause re-referred.   An examination of the final statement and finding of the said referee discloses that he acted with great thoroughness and impartiality, and that his conclusions are the result of a very high order of intelligence and learning in the law, and that himself and work are not justly subject to the scathing criticism received at the hands of the defendants' counsel, who appears to be a master in that line.   Although there is a large volume of testimony in the case, the issues were not complicated.   The plaintiff relied for recovery on his being compelled to pay a certain lien, which had been put into a judgment.   The defendants set up a counterclaim, and denied the legal effect of said judgment.   The referee seems to have carefully ascertained what work and material went into the building in controversy that was included in said judgment, allowed all of defendants' counterclaims that were sufficiently established by the testimony, and made his finding accordingly.

This finding, we think, was substantially correct,

and for the right party, and ought not to be disturbed on account of any mere technicality, for it is not certain a better result can be obtained by a new reference. The cause is affirmed. All concur.